**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

United States of America

    v.                                                    Case No. 20-cv-212-JL

Ken Stanley d/b/a A+ Roofing

**REPORT AND RECOMMENDATION**

The plaintiff, the United States of America (the "government") on behalf of the Occupational Safety and Health Administration ("OSHA"), brought suit against defendant Ken Stanley, doing business as A+ Roofing, to recover civil penalties arising from violations of the Occupational Safety and Health Act of 1970 (the "Act"), 29 U.S.C. §§ 651-678. On June 10, 2020, the Clerk of Court entered default against Stanley for failing to respond to the government's complaint. Doc. no. 6. Before the court for Report and Recommendation is the government's motion for default judgment (doc. no. 8). See Fed. R. Civ. P. 55(b)(2). Stanley has not objected. For the reasons that follow, the court recommends that the government's motion be granted in part and denied in part.

**Standard of Review**

After default is entered and when the amount at issue is

not a sum certain,[1] "the party must apply to the court for a default judgment."  Fed. R. Civ. P. 55(b)(2).  Before entering a default judgment, the court "may examine a plaintiff's complaint, taking all well-pleaded factual allegations as true, to determine whether it alleges a cause of action."  Ramos-Falcon v. Autoridad de Energia Electrica, 301 F.3d 1, 2 (1st Cir. 2002) (citing Quirindongo Pacheco v. Rolon Morales, 953 F.2d 15, 16 (1st Cir. 1992)).  The defaulting party is "taken to have conceded the truth of the factual allegations in the complaint . . . ."  Ortiz-Gonzalez v. Fonovisa, 277 F.3d 59, 62 (1st Cir. 2002) (quoting Franco v. Selective Ins. Co., 184 F.3d

---

[1] While the government moved for default judgment under Rule 55(a), default judgment may only be entered pursuant to Rule 55(b)(1) where the claim is for a "sum certain or a sum that can be made certain by computation" or 55(b)(2) in all other cases. Fed. R. Civ. P. 55(b).  Because the government is seeking various fees in addition to the principal of Stanley's fines, it is not seeking a sum certain and Rule 55(b)(2) applies.  See U.S. Small Bus. Admin. v. Branson Props., LC, No. 2:15-cv-00656-JNP-BCW, 2016 WL 6902123, at *1 (D. Utah Nov. 23, 2016) ("Because the SBA has requested an award of administrative fees, it is not seeking a judgment for 'a sum certain or a sum that can be made certain by computation.'" (quoting Fed. R. Civ. P. 55(b)(1)); KPS & Assocs., Inc. v. Designs by FMC, Inc., 318 F.3d 1, 19 (1st Cir. 2003) ("In the Rule 55 context, a claim is not a sum certain unless there is no doubt as to the amount to which a plaintiff is entitled as a result of the defendant's default." (citations omitted)); see also International Union of Operating Engineers, Local 4 v. Stanley Excavation, 243 F.R.D. 25, 27 n.5 (D. Me. 2007) ("If the plaintiff is seeking both a sum certain, which would fall under Rule 55(b)(1), and damages that require judicial determination under Rule 55(b)(2), the entire matter, including the sum certain, must be determined under Rule 55(b)(2)." (citation omitted)).

4, 9 n.3 (1st Cir. 1999)).  However, "[t]he defaulting party does not admit the legal sufficiency of [the] claims."  10 James W. Moore, <u>Moore's Federal Practice</u> § 55.32[1][b] (3d ed. 2013). In short, "before entering default judgment, the court must determine whether the admitted facts state actionable claims." <u>United States v. Sullender</u>, No. 16-cv-523-LM, 2018 WL 1368040, at *1 (D.N.H. Mar. 16, 2018) (citation omitted).

## Background

By virtue of his default, Stanley concedes the following facts alleged in the government's complaint.[2]  On or about June 23, 2016, OSHA investigated a worksite at 5 Longfellow Drive in Bethlehem, New Hampshire.  Based on violations it observed, OSHA issued a Citation and Notification of Penalty ("Citation") to Stanley on December 20, 2016.  Stanley received the Citation on December 28, 2016.  It outlined his right to contest the Citation and penalties.  Stanley did not timely contest the Citation and it became a final order of the Occupational Safety and Health Commission (the "Commission").  On March 1, 2017, OSHA sent Stanley a demand letter, seeking payment for the penalties, interest, and administrative charges, totaling

---

[2] The court also considers the exhibits attached to the complaint.  Cf. <u>Freeman v. Town of Hudson</u>, 714 F.3d 29, 35 (1st Cir. 2013) (citing <u>Watterson v. Page</u>, 987 F.2d 1, 3 (1st Cir. 1993)).

$129,456.78.[3]  Stanley did not respond.

On March 22, 2017, OSHA issued a Citation to Stanley for failing to abate violations found during the June 23, 2016 inspection.[4]  Stanley received the Citation on May 3, 2017.  It explained his right to contest the Citation and penalties. However, Stanley failed to timely contest it, so it became a final order.  On August 16, 2017, OSHA sent Stanley a demand letter seeking payment of the penalty amount, interest, and administrative charges, totaling $416.68.[5]  Stanley again did not respond.

On December 20, 2016, OSHA issued a Citation to Stanley for violations of the Act.  These violations stemmed from an inspection at worksites located at 33 and 38 Longfellow Drive in Bethlehem, New Hampshire on July 7, 2016.  Stanley received the Citation on December 28, 2016, which included his right to

---

[3] The government updated this amount to $205,168.27 at the time the complaint was filed (see doc. no. 1 at 9) and $209,689.37 at the motion for default judgment was filed (see doc. no. 8-1), presumably due to interest and fees continuing to accrue.  The outstanding amount remains unpaid.

[4] While the complaint (doc. no. 1) alleges that this Citation was premised on violations found at the worksite, the Citation (doc. no. 1-5) indicates that the violation was based on Stanley's failure to abate.

[5] This amount was updated to $668.43 in the complaint (see doc. no. 1 at 9) and $682.62 in the motion for default judgment (see doc. no. 8-1).  This amount remains unpaid.

contest the Citation and penalties.  Stanley did not timely contest it and it became a final order.  On March 1, 2017, OSHA sent Stanley a demand letter seeking payment of the penalty amount, interest, and administrative charges for this Citation, totaling $174,959.67.[6]  He did not respond.

On March 22, 2017, OSHA issued a Citation to Stanley for failing to abate violations of the Act based on the July 7, 2016 inspection.[7]  He received the Citation on May 3, 2017, which outlined his right to contest the Citation and penalties. Stanley did not timely contest it, and it became a final order. On August 16, 2017, OSHA sent him a demand letter seeking payment of the unpaid penalties, interest, and administrative charges for this Citation, totaling $416.68.[8]  Stanley did not respond.

Based on these four citations, the government's complaint seeks recovery of $483,784.35.[9]

---

[6] The government updated this amount to $277,279.22 (see doc. no. 1 at 9-10) and to $283,389.58 in the motion for default judgment (see doc. no. 8-1).  The balance remains unpaid.

[7] While the complaint (doc. no. 1) alleges that this Citation was premised on violations found at the worksites, the Citation (doc. no. 1-13) indicates that the violation was based on the failure to abate.

[8] This amount was updated to $668.43 in the complaint (see doc. no. 1 at 10) and $682.62 in the motion for default judgment (see doc. no. 8-1).  It remains unpaid.

[9] In the motion for default judgment, the government

**Discussion**

The government brings this action to recover civil penalties based on the OSHA citations discussed above.  In total, the government's complaint seeks $483,784.35, which includes the original fines, interest, and assorted fees.

## I.   **Liability**

The applicable statute provides that "[c]ivil penalties owed under this chapter . . . may be recovered in a civil action . . . brought in the United States district court for the district where the violation is alleged to have occurred or where the employer has its principal office."  29 U.S.C. § 666(l).  The First Circuit recognizes claims under this section of the Act.  See Ne. Erectors Ass'n of the BTEA v. Sec'y of Labor, Occupational Safety & Health Admin., 62 F.3d 37, 39 (1st Cir. 1995) (recognizing actions for recovery of civil penalties under 29 U.S.C. § 666).  As to direct violations by an employer, the statute provides that OSHA must, within a reasonable time after an inspection, notify the employer by certified mail of the proposed penalty for the violation contained in the citation and the 15-day period for the employer to provide notice of its intention to contest the citation or penalty.  See 29 U.S.C. §

---

requests $494,444.19.  See Doc. no. 8-1.  This discrepancy is addressed below.

659(a); 29 C.F.R. § 1903.15.  If OSHA follows this procedure and the employer fails to challenge the proposed penalty, it is deemed a final order of the Commission and is not subject to review.  See 29 U.S.C. §659(a); see also Atlas Roofing Co. v. Occupational Safety and Health Review Comm'n, 430 U.S. 442, 445-47 (1977) (describing the statutory scheme).

As to citations based on the failure to abate previous violations, the statute states that OSHA must (1) have reason to believe that the employer has failed to correct the violation within the permitted timeframe and (2) notify the employer by certified mail of the proposed penalty and the 15-day period to provide notice that it plans contest the citation or penalty. See 29 U.S.C. §659(b); 29 C.F.R. § 1903.18.  If OSHA follows this procedure and the employer fails to challenge the proposed penalty, it is deemed a final order of the Commission and is not subject to review.  See 29 U.S.C. §659(b).

Here, the uncontested facts show that the violations occurred in the District of New Hampshire.  See Doc. nos. 1-1, 1-5, 1-9, 1-13.  Thus, this action was properly brought in this court.  OSHA sent the citations by certified mail or UPS[10] to his place of business, and they were received.  See Doc. nos. 1-2,

---

[10] While the statute requires that the citations be sent by certified mail, UPS delivery provides a receipt upon delivery and thus achieves the same purpose.

1-6, 1-10, 1-14.  The notices informed Stanley of the proposed penalties and his right to contest them.  See Doc. no. 1 at ¶¶ 8, 17, 26, 35.  Stanley failed to respond to OSHA's citations or demand letters.  See id. at ¶¶ 9-10, 18-19, 27-28, 36-37. Therefore, the fines must be treated as final orders and are not subject to review.  29 U.S.C. § 659.  Taking the government's allegations as true, it has stated a proper claim against Stanley for the recovery of the civil penalties imposed by OSHA.

## II.  Damages[11]

"In the case of defaulting defendants, allegations of damages are not deemed admitted in the context of a default judgment, and it is the plaintiff's burden to establish any entitlement to recovery."  Joe Hand Promotions, Inc. v. Rajan, No. 10-40029-TSH, 2011 WL 3295424, at *3 n.2 (D. Mass. July 28, 2011) (internal quotation marks and citation omitted).  On each of the four counts in the complaint, the government seeks to recover damages for (1) principal, (2) interest, (3) administrative fees, (4) penalties, and (5) treasury and DOJ fees.  The complaint requested a total of $483,784.35 in relief. In its motion for default judgment and supporting affidavit,

---

[11] The court did not hold a hearing on damages.  Rule 55 "makes an evidentiary hearing an available tool, not a prerequisite, to the determination of a damage award." AngioDynamics, Inc. v. Biolitec AG, 780 F.3d 429, 436 (1st Cir. 2015).

however, the government seeks to recover $494,444.19, accounting for interest and penalties accrued as of June 19, 2020.  See Doc. no. 8-1.  The court addresses this difference through its discussion of specific categories of damages below.

A. Principal and administrative fees

The government seeks recovery of the principal on its fines against Stanley as follows: $129,339 on Count I, $406 on Count II, $174,804 on Count III, and $406 on Count IV, for a total of $304,955.  See Doc. nos. 1, 8-1.  Those amounts are supported by the government's complaint and attached documentation and may be recovered.

For each of its four counts, the government also seeks an administrative charge in the amount of $20, for a total of $80. See Doc. no. 1, 8-1.  Those fees may be recovered under the applicable statute and regulation.  See 31 U.S.C. § 3717(e); 31 C.F.R. § 901.9(c).

B. Interest and penalties

In its complaint, the government sought amounts for prejudgment interest "through February 4, 2020" as follows: $3,482.11 for Count I, $10.69 for Count II, $4,706.14 for Count III, and $10.69 for Count IV, for a total of $8,209.63.  Doc. no. 1 at 9-10.  It also mentioned "interest from the date of judgment at the legal rate until this debt is paid in full" but does not mention any additional prejudgment interest from

9

February 4, 2020 until judgment is entered.  Id.  However, the
affidavit to the motion for default judgment requests the
following amounts, which are "thru 6/19/2020": $3,964.08 for
Count I, $12.20 for Count II, $5,357.46 for Count III, and
$12.20 for Count IV, for a total of $9,345.94.  Doc. no. 8-1.
Under Rule 54(c), a "default judgment must not differ in kind
from, or exceed in amount, what is demanded in the pleadings."
Fed. R. Civ. P. 54(c); see also Hooper-Haas v. Ziegler Holdings,
LLC, 690 F.3d 34, 40 (1st Cir. 2012) ("It follows that a default
does not expose a defendant to impositions not properly
identified before the entry of default." (citation omitted));
Silge v. Merz, 510 F.3d 157, 158, 162 (2d Cir. 2007) (finding,
under a previous version of Rule 54(c), that the plaintiff could
not recover on an additional claim for prejudgment interest not
included in the complaint and holding that the rule "dictated
the award be confined to the amount in the demand clause"); 10
Charles A. Wright et al., Federal Practice and Procedure § 2663
(3d ed. 1998) (explaining that "the defending party should be
able to decide on the basis of the relief requested in the
original pleading whether to expend the time, effort, and money
necessary to defend the action").  The government's complaint
specifically referenced both prejudgment interest up to the
filing of the complaint and postjudgment interest; however, it
included no reference to prejudgment interest accruing between

February 4, 2020 and June 19, 2020.  Thus, the court recommends
that the district judge award $8,209.63 in interest.

The same analysis applies to the penalty amounts.  In its
complaint, the government requests the following amount in
statutory penalties on Stanley's unpaid debts: $20,245.98 for
Count I, $62.06 for Count II, $27,362.81 for Count III, and
$62.06 for Count IV, for a total of $47,732.91.  Doc. no. 1 at
9-10.  These penalties, at a rate of up to six percent, are
authorized by the relevant statute and regulation.  <u>See</u> 31
U.S.C. § 3717(e); 31 C.F.R. § 901.9(d).  However, the default
judgment affidavit suggests that Stanley's penalties continued
to accrue after this action was filed.  The affidavit requests
the following penalty amounts: $23,137.45 for Count I, $71.14
for Count II, $31,270.76 for Count III, and $71.14 for Count IV,
for a total of $54,550.49.  Doc. no. 8-1.  For the same reasons
as above, the government's recovery of penalty fees is limited
to those claimed in its complaint.  The court recommends that
the district judge award $47,732.91 in penalties.

C. <u>Treasury and DOJ fees</u>

The government also seeks recovery of what it refers to as
"Treasury and DOJ fees."  Doc. no. 8-1.  In support of
recovering these fees, it provides a thorough explanation of the
debt collection services provided to federal agencies by the
U.S. Department of Treasury's Bureau of Fiscal Service, Debt

Management Services ("DMS") through its Treasury Offset and Cross-Servicing programs.  See Doc. no. 13.  The government asserts that these costs are not charged on a case-by-case basis because to do so would be administratively burdensome and cost prohibitive, as well as potentially raising fairness issues by charging debtors more for exercising their legal rights.  See id. at 3-4.

The applicable statutes authorize agencies to charge fees for the costs associated with collecting debts.  See 31 U.S.C. 3711(g)(6); 31 U.S.C. 3717(e)(1).  The relevant regulation specifies that administrative costs for debt collection "should be based on actual costs incurred or upon estimated costs as determined by the assessing agency."  31 C.F.R. 901.9(c).  The government has failed to show that the fee is "in any way related to the cost of implementing debt collection as required by the statute."  United States v. A.R.A.Z., Inc., No. 03-CV-6307(NG)(VVP), 2007 WL 2693668, at *3 (E.D.N.Y. Sept. 10, 2007) (citing 31 U.S.C. 3711(g)(6)).  In its supplemental brief, it provides a range of statutes and regulations that support the authority of DMS to collect "fees to recover costs associated with the debt collection services it provides to creditor agencies."  Doc. no. 13 at 1.  However, it cites only to the declaration of a DMS employee, not to any statute or regulation, in support of DMS's practice of not calculating case-by-case

debt collection fees.  Id. at 3-4.  The government also lists
several of the expenses that DMS may incur in debt collection
proceedings.  Id. at 2.  However, it does not address which, if
any, of these services were actually used in this action.

The government cites two cases supporting the collection of
these types of fees.  See United States v. Ancient Creations,
Inc., No. 2:14-cv-1519-GMN-GWF, 2015 U.S. Dist. LEXIS 175343, at
*7-9 (D. Nev. Dec. 14, 2015), adopted by 2016 U.S. Dist. LEXIS
8911 (D. Nev. Jan. 25, 2016); Cors v. United States, No. 12 Civ.
2265, 2013 U.S. Dist. LEXIS 180416, at *6-7, 14 (S.D.N.Y. Dec.
23, 2013).  However, there is also authority reaching the
opposite conclusion.  See A.R.A.Z., Inc., 2007 WL 2693668, at *3
(rejecting a debt management fee in default judgment action);
United States v. Gutierrez, No. 5:19-CV-92, 2020 WL 1469809, at
*4 (S.D. Tex. Mar. 26, 2020) (rejecting Treasury Department and
Justice Department fees in default judgment action).  Because
the court finds the latter authority more compelling, and the
government has failed to demonstrate any relationship between
the fees it requests and the actual debt collection efforts in
this case, the court recommends that the district judge not
award the "Treasury and DOJ fees" requested by the government.

The government's request for attorneys' fees and costs,
first asserted in the complaint, may have been subsumed into
this request for "Treasury and DOJ fees."  To the extent the

government seeks attorneys' fees and costs, the court recommends that the district judge allow the government to file a separate motion seeking such relief, with supporting documentation, within ten (10) days of the date of the district judge's order approving or rejecting this Report and Recommendation.

## Conclusion

For the foregoing reasons, the court recommends that the district judge: (1) grant the government's motion for default judgment (doc. no. 8) as to the unpaid debt principal and administrative fees; (2) grant the motion for default judgment as to prejudgment interest and penalties, but limit recovery to the amounts stated in the complaint (doc. no. 1); (3) deny the motion as to the "Treasury and DOJ fees"; (4) award the government $360,977.54, plus postjudgment interest; and (5) allow the government to file a motion seeking attorneys' fees and costs within ten (10) days of the date of the district judge's order on this Report and Recommendation.

Any objection to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos

v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016) (citations omitted).

_____
Andrea K. Johnstone
United States Magistrate Judge

December 16, 2020

cc:  Michael T. McCormack, Esq.
     Ken Stanley, Pro Se